IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Oliver Christopher Ingram, | ) | CASE NO. 4:19 CV 2359 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| United States of America, | ) | **AND ORDER** |
| | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Oliver Christopher Ingram has filed this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging a career offender sentence enhancement imposed on him pursuant to United States Sentencing Guidelines (U.S.S.G.) § 4B1.1 in connection with his federal conviction in the Eastern District of Michigan of possession with the intent to distribute heroin. (Doc. No. 1.) In his petition, Petitioner contends he does not qualify as a Career Offender under the U.S.S.G. and is entitled to challenge his sentence through § 2241 under *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016).

Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (made applicable to Section 2241 petitions under Rule 1(b)), a federal court must dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has "a duty to screen out a *habeas corpus* petition which should be dismissed for lack of merit on its face.").

Upon review, the Court finds that the Petition must be summarily dismissed.

"Although *habeas corpus* petitions filed pursuant to § 2241 are not subject to the strict bars on second and successive petitions imposed on 28 U.S.C. § 2255," federal "courts may decline to address claims brought repeatedly." *Dietz v. U.S. Parole Com'n*, 260 F. App'x 763, 765 (6th Cir. 2008). Title 28 U.S.C. § 2244(a) expressly provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application, except as provided in section 2255.

Petitioner previously sought to challenge his enhanced sentence in a *habeas corpus* petition filed under § 2241. This Court denied his prior § 2241 petition, and the Sixth Circuit Court of Appeals affirmed the dismissal, finding that Petitioner had not raised a cognizable claim under *Hill*. *Ingram v. S. Merlak*, Case No. 4: 16 CV 2696 (N.D. Ohio Jan. 6, 2017), *aff'd, Ingram v. Steven Merlak*, No. 17-3067 (6th Cir. October 23, 2017).

Petitioner's present petition is therefore barred by the successive writ rule set out in 28 U.S.C. § 2244(a) and is dismissed pursuant to that rule and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: November 25, 2019